OVERTON, Justice.
We have before us the Family Court Steering Committee’s emergency petition to amend the Florida Family Law Forms to conform to legislative changes that become effective July 1, 1998. We agree that the changes are necessary to comply with the new legislation, which affects the domestic violence injunction forms[1] and the forms governing support issues.[2]
The following forms, which are attached as appendix “A,” have been amended to comply with the new legislation and also include minor non-substantive changes where necessary to correct unclear language or errors in the forms.[3]
DOMESTIC VIOLENCE
Form 12.980(d), Temporary Injunction for Protection Against Domestic Violence
Form 12.980(e), Final Judgment of Injunction for Protection Against Domestic Violence
SUPPORT
Form 12.947(b), Temporary Order of Support with Dependent or Minor Child(ren)
Form 12.948(b), Temporary Support Order with no Dependent or Minor Child(ren)
Form 12.988(a), Petition to Determine Paternity and for Related Relief
Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief
Form 12.983(g), Final Judgment of Paternity
Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)
Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property But No Dependent or Minor Child(ren)
Form 12.993(a), Supplemental Final Judgment of Modification of Parental Responsibility/Visitation
Form 12.993(b), Supplemental Final Judgment Modifying Child Support
Form 12.993(c) Supplement Final Judgment Modifying Alimony
Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)
Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Children)
Accordingly, we adopt the amendments to the forms as proposed by the Steering Committee and as set forth in appendix A of this *915 opinion, effective midnight, July 1, 1998. However, because the domestic violence injunction forms are mandatory, see Florida Family Law Rule 12.610(c)(2)(A), and because this opinion is being issued less than one week before the effective date of the amendments adopted in this opinion, we will provide a one month grace period beginning July 1, 1998, in which the previously adopted domestic violence injunction forms may continue to be used. During this interim period, pursuant to chapter 98-284, section 2, Laws of Florida, the following language should be written or typed on the face of the Final Judgment of Injunction for Protection Against Domestic Violence form[4] currently being used:
Under section 790.233, Florida Statutes, it is a first degree misdemeanor for the respondent to have in his or her care, custody, possession, or control any firearm or ammunition. Pursuant to this statute, respondent shall not have in his or her care, custody, possession or control any firearm or ammunition.
We will accept comments regarding the Family Law Forms generally and suggestions as to how to simplify those forms until September 15,1998.
It is so ordered.
SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX A
[[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on { date }_, at_a.m./p.m., when the Court will consider whether the Court should issue an Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the *916 Court, and whether other things should be ordered, including who should pay the filing fees and costs. The hearing will be before The Honorable {name} _, at {room name/number, location, address, city} _ _, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact { name } _, { address }_, {telephone }_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that irreparable harm and injury will probably occur in the form of violence to Petitioner or persons lawfully with Petitioner unless this injunction is issued without notice.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may subject Respondent to criminal prosecution, including the imposition of a fine, jail, or both, as provided by Florida Statutes. In addition, it is a federal criminal felony offense to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262. The criminal penalty for violating this section is incarceration of up to life imprisonment, depending on the nature of the violation.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner.
2. No Contact. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence { list address } _ *917 or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _
[Initial if applies; Write N/A if not applicable]
_ Petitioner and Respondent are employed by the same employer, work at the same physical location, or attend the same school. Accordingly, the following restrictions shall apply: -
3.Firearms.
[Initial all that apply; write N/A if does not apply] _ a. Respondent shall not use or possess a firearm or ammunition. _ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the _ County Sheriffs Department until further order of the court. _ e. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding the final injunction, if entered without Respondent’s being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
5.Additional order necessary to protect Petitioner from domestic violence:
*918 [[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
_ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive, use and possession of the dwelling located at: _
_ 2. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may make a single visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and must stand by while he/she takes his/her personal items. The law enforcement agency shall not be responsible for storing or transporting any property. GOING TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER IS A VIOLATION OF THIS INJUNCTION.
[[Image here]]
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
TEMPORARY CUSTODY OF MINOR CHILD(REN)
1. Jurisdiction. Jurisdiction to determine custody of any minor ehild(ren) listed in paragraph 2 below is proper under the Uniform Child Custody Jurisdiction Act (UCCJA).
2. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor children) listed below:
[[Image here]]
Law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor children) listed above to custodial parent. The noncustodial parent shall not take the child(ren) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the children).
[Initial if applies; write N/A if does not apply]
_ Neither party shall remove the minor ehild(ren) from the State of Florida, which is the jurisdiction of this Court, prior to the hearing on this temporary *919 injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.
3. Contact with Minor Child(ren). Unless otherwise provided in paragraph 4 below, the noncustodial parent shall have no contact with the parties’ minor child(ren) until further order of the Court.
[[Image here]]
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION
1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions, except those regarding child support and/or alimony, of this injunction and are authorized to arrest for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 910.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
5. This case ( ) does ( ) does not involve issues of support, custody, and/or visitation. As such, this injunction ( ) does ( ) does not incorporate pages pertaining to those issues.
ORDERED on_
[[Image here]]
*920 CIRCUIT JUDGE
COPIES TO: Sheriff of_County Petitioner (or his or her attorney): _by U.S. Mail_by hand delivery in open court Respondent_forwarded to sheriff for service _State Attorney’s Office _Other: __
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
Form 12.980(e)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _ Division: _
[[Image here]]
Petitioner,
and
[[Image here]]
Respondent.
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s ( ) Respondent’s Counsel
Counsel
*921 FINDINGS
On { date }_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this ease, that Petitioner is a victim of domestic violence and/or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until_, or until further order of the Court. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes. In addition, it is a federal criminal felony offense to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262. The criminal penalty for violating this section is incarceration of up to life imprisonment, depending on the nature of the violation.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner.
2. No Contact. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address } - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} — or place where Petitioner attends school { list address of school} -; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _
[Initial if applies; Write N/A if not applicable]
__ Petitioner and Respondent are employed by the same employer, work at the same physical location, or attend the same school. Accordingly, the following restrictions shall apply: -
*922 [[Image here]]
3. Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; Write N/A if not applicable]
— a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her ■ care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
— b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
[[Image here]]
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
— i. willfully violated the ex parte injunction;
— ii. been convicted of, had adjudication withheld on, or pled nolo contende-re to a crime involving violence or a threat of violence; and/or
— iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written factual findings stating why such a program would not be appropriate. See§ 7I1.30(6)(d), Florida Statutes.

b. Within 10 days of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within 30 days of the date of this injunction:
— i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
— ii. A substance abuse evaluation at: _ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
. — . iii. A mental health evaluation by a licensed mental health professional at: _ *923 or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
_ iv. Other: _
_ c. Although Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate: _
_ d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Court Costs. Pursuant to section 741.30(2)(a), Florida Statutes, filing fees to the Clerk of the Circuit Court and service fees to the sheriff are waived, subject to subsequent order of the Court; OR costs in the amount of $_ for the filing fee, plus $__ for the sheriffs fee, for a total of $__ are taxed against ( ) Petitioner ( ) Respondent ( ) Other (explain) _, for which sum let execution issue. This amount shall be paid to the { county }_Clerk of the Circuit Court, within 30 days of the date of this injunction. If Respondent is directed to pay filing fees or service fees and Petitioner has previously paid said fees, the clerk shall refund same to Petitioner, upon payment by Respondent.
6. Mailing Address. Respondent shall notify the Clerk of the court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
7. Other provisions necessary to protect Petitioner from domestic violence:
[[Image here]]
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; Write N/A if not applicable]
_ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
_ 2. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premised described above on-, at _a.m./p.m., accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction *924 over the premises shall go with ( ) Petitioner ( ) Respondent to the home and must stand by while he/she takes his/her personal items. The law enforcement agency shall not be .responsible for storing or transporting any property. GOING TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER IS A VIOLATION OF THIS INJUNCTION.
_ 3. The following other personal possessions may also be removed from the premises at this time: _
[[Image here]]
TEMPORARY CUSTODY OF AND VISITATION WITH MINOR CHILB(REN)
1. Jurisdiction. Jurisdiction to determine custody of and visitation with any minor childfren) listed in paragraph 2 below is proper under the Uniform Child Custody Jurisdiction Act (UCCJA).
2. Temporary Custody of Minor Childfren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor childfren) listed below:
Name Birth date
[[Image here]]
Law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor childfren) listed above to custodial parent. The noncustodial parent shall not take the childfren) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the childfren).
3. Type of Contact/Visitation with Minor Childfren). The noncustodial parent shall have:
[Initial one only]
— a. no contact with the parties minor childfren) until further order of the Court.
— b. the following specified visitation with the parties’ minor childfren), subject to any limitations set out below: { specify days and times } _
4. Limitations on Visitation. The above specified visitation shall be: [Initial all that apply; write N/A if does not apply]
_ a. unsupervised.
— b. supervised by the following specified responsible adult: _
_ c. at a supervised visitation center located at: _ *925 and shall be subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) custodial parent ( ) noncustodial parent ( ) both: -
5. Arrangements for Contact/Visitation with Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
_ a. A responsible person shall coordinate the visitation arrangements of the minor child(ren).
If specified, the responsible person shall be: { name } -
_ b. Other conditions for visitation arrangements as follows: -
6. Exchange of Minor Child(ren). If the exchange does not take place at school or day care, then:
[Initial all that apply; write N/A if does not apply]
_ a. The parties shall exchange the child(ren) at the following loeation(s): —
_ b. A responsible person shall conduct all exchanges of the child(ren). The noncustodial parent shall not be present during the exchange. If specified, the responsible person shall be: { name } -
c. Other conditions for visitation exchange as follows:
7. Other Additional Provisions Relating to the Minor Child(ren).
[[Image here]]
TEMPORARY SUPPORT
1. Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
_ a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other { explain } - beginning { date }_This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until the Obligee dies, until this injunction expires, or until {date} _, whichever occurs first.
_ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: -
*926 _ c. Other provisions relating to alimony:
2. Temporary Child Support.
[Initial all that apply; write N/A if does not apply]
_ a. The Court finds that there is a need for temporary child support and that the noncustodial parent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, % □ Florida Family Law Form 12.901(g), filed by ( ) Petitioner ( ) Respondent are correct OR the Court makes the following findings: The Petitioner’s net monthly income is $_, (Child Support Guidelines _%). The Respondent’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $___ Monthly health/dental insurance costs are_$_
— b. Amount. Obligor shall pay temporary child support in the amount of $-, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other { explain }: beginning { date } _, and continuing until further order of the court, or until { date/event} _, { explain }_ If the child support ordered deviates from the guidelines by 5% more than the factual findings which support that deviation are: _
— e. ( ) Petitioner ( ) Respondent shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren) so long as reasonably available. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
— d. Any reasonable and necessary uninsured medical/dental/prescription drug costs for the minor ehild(ren) shall be assessed as follows: _
— e. Other provisions relating to child support:
3. Method of Payment.
[Initial one only]
— a. Obligor shall pay any temporary child supporValimony ordered through income deduction, and such support shall be paid to the central governmental depository in - County. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Until child supporValimony payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the central governmental depository.
— b. Temporary child supporValimony shall be paid through the central governmental depository in the office of the {name of county} -County Clerk of Circuit Court. The Obligor shall also pay the central governmental depository service charge. Income deduction is not in the best interests of the children) because: _
_ c. Other provisions relating to method of payment:
*927 OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION
1. This injunction is valid in all counties of State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is dissolved.
6. This case ( ) does ( ) does not involve issues of support, custody, and/or visitation. As such, this injunction ( )• does ( ) does not incorporate pages pertaining to those issues.
ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Sheriff of...County
Petitioner (or his or her attorney): by U.S. Maü
by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order — see below.)
Respondent (or his or her attorney): forwarded to sheriff for service
by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order — see below.)
by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or re-
*928 fuses to acknowledge the receipt of a certified copy of this injunction.)
_State Attorney’s Office
_Batterer’s intervention program (if ordered)
_Central governmental Depository (if ordered)
_Department of Revenue
_Other: _
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: ---- — —————— Deputy Clerk
ACKNOWLEDGMENT
I, {Name of Petitioner} ______, acknowledge receipt of a certified copy of this Injunction for Protection.
[[Image here]]
ACKNOWLEDGMENT
I, { Name of Respondent} _, acknowledge receipt of a certified copy of this Injunction for Protection.
[[Image here]]
Form 12.947(b)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
Case No.: _
Division: _
Petitioner,
and
[[Image here]]
TEMPORARY ORDER OF SUPPORT WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a hearing on a Motion for Temporary Support with Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:
*929 The Court has jurisdiction over the subject matter and the parties.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Injunction.
1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order. If checked here ( ), the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.
2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
3. Violation of this injunction may constitute criminal contempt of court.
4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of $_with the clerk of this Court.
B. Temporary Use of Assets.
1. The assets listed below are temporarily determined to be marital assets. Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets. Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order.
[[Image here]]
*930 [[Image here]]
C. Temporary Responsibility for Liabilities/Debts.
1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts.
[[Image here]]
SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[/ all that apply]
_ 1. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: {address} _ {idate or event}
_ 2. ( ) Petitioner ( ) Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order. This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.
[[Image here]]
*931 SECTION III. TEMPORARY CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine temporary custody of and visitation with the parties’ minor child(ren) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
Name Birth date
[[Image here]]
3.Temporary Parental Responsibility for the Minor Child(ren).
[/ one only]
_ a. The parties shall have temporary shared parental responsibility for the parties’ minor child(ren). ( ) Mother ( ) Father shall have temporary primary residential responsibility of the minor ehild(ren) and the other parent shall have temporary secondary residential responsibility, as set forth in paragraph 4 below. OR The temporary primary residential parent shall be ( ) undesig-nated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
_ b. ( ) Mother ( ) Father shall have temporary sole parental responsibility for the parties’ minor child(ren). Temporary shared parental responsibility would be detrimental the child(ren) at this time because: ....._ The other parent shall have temporary visitation with the parties’ minor child(ren) as set forth in paragraph 4 below.
4.Temporary Secondary Residential Responsibility, Temporary Visitation, or Temporary Time Sharing with Minor Child(ren). The parent granted temporary secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
_ a. reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
[[Image here]]
_ c. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} _
*932 [[Image here]]
5. Limitations on Temporary Parental Responsibility, Visitation, and Time Sharing. Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other party during the other party’s time of temporary parental responsibility or temporary visitation. The above reasonable (paragraph 4.a. above) or specified (paragraph 4.b. above) temporary visitation shall be:
[/ if applies]
_ a. supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name}_
_ b. at a supervised visitation center located at: {address} _ subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Temporary Secondary Parenting, Visitation, and Time Sharing with Child(ren).
[/ if applies]
__ The parties’ communications to arrange visitation or time sharing and discuss issues relating to the ehild(ren) (if temporary shared parenting, time sharing or visitation is provided in paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor child(ren). ' If the parties cannot agree, the responsible person shall be: {name} _ ( ) other conditions for arrangements or discussions: {explain} _
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
_ a. The parties shall temporarily exchange the child(ren) at the following loeation(s): _
_ b. The parent granted temporary secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the child(ren) are exchanged.
_ e. A responsible person shall conduct all exchanges of the children). The parent granted temporary secondary parenting, temporary visitation, or time sharing shall not be present during the exchange. If the parties’ cannot agree, the responsible person shall be: {name} _
[[Image here]]
_ 8. Injunction Prohibiting Removing the Child(ren). The Court hereby temporarily prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor child(ren) from the State of Florida without a court order or the written consent of the other party.
_ 9. Other Temporary Provisions Relating to the Minor Child(ren).
*933 [[Image here]]
SECTION IV. TEMPORARY ALIMONY
1. ( ) The Court denies the request(s) for temporary alimony. OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent, hereinafter pay temporary alimony as follows:
[/ all that apply]
_ a. Temporary Periodic. Obligor shall pay temporary periodic alimony to Obligee in the amount of $ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain } _ beginning {date }_ This temporary periodic alimony shall continue until modified by court order, the death of either party, or until {date/event} _, whichever occurs first.
[[Image here]]
[[Image here]]
_ c. Retroactive. Obligor shall pay retroactive alimony in the amount of $ _ for the period of {date} _ through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for Awarding/Denying Temporary Alimony Award. The reasons for awarding/denying temporary alimony are as follows:
_ a. length of the marriage of the party receiving temporary alimony: _years;
_ b. age of party receiving temporary alimony: _;
_ c. health of party receiving temporary alimony: ( ) excellent ( ) good ( ) poor ( ) other; _,
[[Image here]]
□ Check here if additional pages are attached.
3.Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other party the temporary retroactive alimony of $_, as of {date}. This amount shall be paid in the amount of $_per month, payable in *934 accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any uninsured medical costs for the other party not to exceed $- per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain life insurance coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $_and shall remain in effect until this temporary obligation for alimony terminates.
[[Image here]]
SECTION V. TEMPORARY CHILD SUPPORT
1. The Court finds that there is a need for temporary child support and that the ( ) Mother ( ) Father (hereinafter Obligor)has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_The Father’s net monthly income is $ _ Monthly child care costs are $_ Monthly health/dental insurance costs are $_
2. Amount. Obligor shall be obligated to pay temporary child support in the amount of $_per month payable ( ) in accordance with Obligor’s payroll cycle, and in any event at least once a month ( ) {explain} - beginning {date}_, and continuing until further court order or until {date/event} _, {explain}If the temporary child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
3.Retroactive Child Support.
[/ if applies]
_ ( ) Mother ( ) Father shall pay to the other party the temporary retroactive child support of $_, as of {date}_This amount shall be paid in the amount of $_per month, payable in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
*935 4. Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to temporarily maintain ( ) health ( ) dental insurance coverage for the parties minor childfren), so long as reasonably available. The party providing coverage shall be required to convey cards showing coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall temporarily be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: _ As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the temporary child support obligations in this order, ( ) Petitioner ( ) Respondent ( ) Each party shall temporarily maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor children) as the sole irrevocable beneficiary(ies)( ) primary residential parent as the sole irrevocable beneficiary as Trustee for the minor children), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the Court orders otherwise or until {dale/event}
6. IRS Income Tax Deduction(s). The party granted temporary primary residential responsibility or temporary sole parental responsibility of the minor child(ren) shall have the benefit of any tax deductions for the childfren), OR if checked here, ( ) assignment of any tax deduction for the ehild(ren) shall be as follows: _
[[Image here]]
SECTION VI. METHOD OF PAYMENT.
Obligor shall pay any temporary court-ordered child suppori/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay temporary court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the ehild(ren) that temporary support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obli-gor is individually responsible for paying this temporary support obligation until all or any portion of said support is deducted from Obligor’s income. *936 Until temporary support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order,
b. Deferred. Income deduction notice is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: {explain} _
AND
there is proof of timely payment of a previously ordered obligation without income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in pay or and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) $ ._% ( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
[[Image here]]
SECTION VII. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY.
[[Image here]]
_ 2. The Court finds there is a need for and an ability to pay temporary attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $ _ in temporary, attorney fees, and $_in costs. The Court further finds that the temporary attorney fees awarded are based on the reasonable rate of $_per hour and reasonable hours. Other provisions relating to temporary attorney fees, costs, and suit money are as follows: _
SECTION VIII. OTHER PROVISIONS.
[[Image here]]
ORDERED on {date}_, at {time}
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
*937 Form 12.948(b)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
[[Image here]]
and
[[Image here]]
TEMPORARY SUPPORT ORDER WITH NO DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a hearing on a Motion for Temporary Support with No Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:
The Court has jurisdiction over the subject matter and the parties.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Injunction.
1. ( ) Petitioner ( ) Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order. If checked here ( ), the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.
2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
3. Violation of this injunction may constitute criminal contempt of court.
4. Bond. This order is conditioned upon ( ) Petitioner ( ) Respondent posting bond in the sum of $_with the clerk of this Court.
B. Temporary Use of Assets.
1. The assets listed below are temporarily determined to be marital assets. Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets. Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order.
[[Image here]]
*938 [[Image here]]
C. Temporary Responsibility for Liabilities/Debts.
1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts.
[[Image here]]
*939 SECTION II. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[/ ail that apply]
[[Image here]]
_ 2. ( ) Petitioner ( ) Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order. This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.
[[Image here]]
SECTION III. TEMPORARY ALIMONY
1. ( ) The Court denies the request(s) for temporary alimony. OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent, hereinafter Obligor, has/had the present ability to pay, temporary alimony as follows:
[/ all that apply]
— a. Temporary Periodic. Obligor shall pay temporary periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This temporary periodic alimony shall continue until modified by court order, the death of either party, or until, {date/ event} _, whichever occurs first.
_ b. Lump Sum. Obligor shall pay temporary lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: _
[[Image here]]
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $- for the period of {date} _ through {date} _, which shall be paid pursuant to paragraph 3 below.
2. Reasons for Awarding/Denying Temporary Alimony Award. The reasons for awarding/denying temporary alimony are as follows:
_ a. length of the marriage of the party receiving temporary alimony: ___ years;
_ b. age of party receiving temporary alimony: _;
_ c. health of party receiving temporary alimony: ( ) excellent ( ) good ( ) poor ( ) other_;
*940 APPENDIX A — Continued
[[Image here]]
□ Check here if additional pages are attached.
3. Retroactive Alimony. ( ) Petitioner ( ) Respondent shall pay to the other party the temporary retroactive alimony of $_, as of {date} _This amount shall be paid in the amount of $_per month, payable in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_per month. Further ( ) Petitioner ( ) Respondent shall pay any uninsured medical costs for the other party not to exceed $-per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain life insurance coverage on his/her life naming the obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $_and shall remain in effect until this temporary obligation for alimony terminates.
[[Image here]]
SECTION IY. METHOD OF PAYMENT.
Obligor shall pay any temporary court-ordered alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. obligor shall pay temporary court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
___ b. Both parties have requested and the court finds that it is in the best interests that temporary support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction. Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making *941 timely payment directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: there are no minor ehild(ren) common to the parties,
AND
B there is proof of timely payment of a previously ordered obligation without an income deduction order i eases of modification
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed arrangement between the Obligor and the Obligee
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
[[Image here]]
SECTION Y. TEMPORARY ATTORNEY FEES, COSTS, AND SUIT MONEY.
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for temporary attorney fees, costs, and suit money is (are) denied because_
— 2. The Court finds there is a need for and an ability to pay temporary attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_ in temporary attorney fees, and $_in costs. The Court further finds that the temporary attorney fees awarded are based on the reasonable rate of $_per hour and_ reasonable hours. Other provisions relating to temporary attorney fees, costs, and suit money are as follows: _
SECTION VI. OTHER PROVISIONS.
[[Image here]]
ORDERED on {date}_, at {time}
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
*942 Form 12.983(a) Instructions
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
When should this form be used?
This form should be used by a birth mother or father to ask the court to establish paternity, custody, visitation, and/or child support of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.
What should I do next?
For your case to proceed, you must properly notify the respondent of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.
If personal service is used, the respondent has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:
DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, *%>□ Florida Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), ^ □ Florida Family Law Form 12.923, or other appropriate notice of hearing form. UNCONTESTED ... If the respondent files an answer that agrees with everything in your petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), □ Florida Family Law Form 12.923, or other appropriate notice of hearing form. CONTESTED ... If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, ^ □ Florida Family Law Form 12.924, after you have complied with mandatory disclosure, completed the scientific paternity testing, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counter-petition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, □ Florida Family Law Form 12.983(d).
Where can I look for more information? Before proceeding, you should read “General Information for Pro Se Litigants” found at the beginning of these forms. The words that are in “bold underline ” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.
If the respondent files an answer denying that the person named in the petition is the child(ren)’s father, one of you should file a *943 Motion for Scientific Paternity Testing, ^ □ Florida Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a on this form.
If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a guardian ad litem to assist the court in this matter and to protect the rights of child.
With this petition, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, ^ □ Florida Family Law Form 12.901(f).
• Notice of Social Security Number, % □ Florida Family Law Form 12.901(j).
• Financial Affidavit, '% □ Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days if not filed with the petition.)
• Certificate of Compliance with Mandatory Disclosure, ^ □ Florida Family Law Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, ^ □ Florida Family Law Form 12.901(g). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
• Affidavit of Indigency, % □ Florida Family Law Form 12.901(c), if you are requesting that filing fees be waived.
Child Custody ... The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).
The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) are being served. For more information, you may consult sections 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary residence
• Secondary Residential Responsibility
• Reasonable visitation
• Specified visitation
• Supervised visitation
• No Contact
Many circuits require that parents of a minor or dependent child(ren) who are involved in divorce or paternity actions attend a parenting course and/or mediation before being allowed to schedule a final hearing. You should check with your local clerk of court’s office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial con *944 tributions of both parents. You should file a financial affidavit, and the other parent will be required to do -the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments ... These family law forms contain a Final Judgment of Paternity, ^ □ Florida Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, □ Florida Family Law Form 12.900, before he or she helps you. A non-lawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Form 12.983(a)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT,
IN AND FOR_COUNTY, FLORIDA
[[Image here]]
[[Image here]]
and
[[Image here]]
PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
Petitioner, {full legal name}_, being sworn, certifies that the following information is true:
This is an action for paternity and to determine custody, parental responsibility, and child support under chapter 742, Florida Statutes.
SECTION I.
1. Petitioner is the ( ) mother ( ) father of the following minor child(ren):
NAME Place of Birth Birth date Sex
[[Image here]]
*945 2.Petitioner currently lives at: {street address, city, state} _
3.Respondent currently lives at: {street address, city, state}
4. Both parties are over the age of 18, and neither is, nor has been within a 30-day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors’ and Soldiers’ Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, □ Florida Family Law Form 12.901(f), is filed with this petition.
7. A completed Notice of Social Security Number, Florida Family Law Form 12.901(j), is filed with this petition.
8. A completed Financial Affidavit, □ Florida Family Law form 12.901(d) or (e), is, or will be, filed.
9. Paternity Facts.
[/ one only]
_ a. Paternity has previously been established as a matter of law.
_ b. The parties engaged in sexual intercourse with each other in the month(s) of {list month(s) and year(s)} _, at {city and state}_ As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived and gave birth to the minor child(ren) named in paragraph 1. ( ) Petitioner ( ) Respondent is the natural father of the minor children). The mother ( ) was ( ) was not married at the time of the conception and/or birth of the minor ehild(ren) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is: _
SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
[[Image here]]
2.Parental Responsibility. It is in the child(ren)’s best interests that parental responsibility be:
[/ one only]
_ a. shared by both Father and Mother.
[[Image here]]
[[Image here]]
4.Visitation or Time Sharing. Petitioner requests that the Court order
*946 [/ all that apply]
_ a. no visitation.
_ b. limited visitation.
_ c. supervised visitation.
_ d. supervised or third-party exchange of ehild(ren).
_ e. visitation or time sharing as determined by the Court.
_ f. a visitation or time sharing schedule as follows:
[[Image here]]
5. The minor child(ren) should [/ only one]
_ a. retain his/her (their) present name(s).
_ b. receive a change of name as follows:
present name(s) be changed to
[[Image here]]
SECTION III. CHILD SUPPORT
[/ all that apply]
_ 1. Petitioner requests that the Court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, «slO Florida Family Law Form 12.901(g), is, or will be, filed. Such support should be ordered retroactive to [/ one only]
_ a. the date of birth of the child.
_ b. the date of the filing of this petition.
[[Image here]]
_ 2. Petitioner requests that the Court award a child support amount that is more than or less than Florida’s child support guidelines. Petitioner understands that a Motion to Deviate from Chüd Support Guidelines, □ Florida Family Law Form 12.943, must be completed before the Court will consider this request.
_ 3. Petitioner requests that medical/dental insurance coverage for the minor child(ren) be provided by:
[/ one only]
_ a. Father.
___ b. Mother.
_ 4. Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by:
*947 [/ one only]
_ a. Father.
_ b. Mother.
_ c. Father and Mother each pay one-half.
_ d. Father and Mother each pay according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g).
[[Image here]]
_ 5. Petitioner requests that life insurance to secure child support be provided by:
[/ one only]
__ a. Father.
_ b. Mother.
__ c. Both.
_ 6. ( ) Petitioner ( ) Respondent ( ) Both has (have) incurred medical expenses in the amount of $_ on behalf of the minor children), including hospital and other expenses incidental to the birth of the minor ehild(ren). There should be an appropriate allocation or apportionment of these expenses.
_ 7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public assistance for this (these) minor child(ren).
PETITIONER’S REQUEST
1. Petitioner requests a hearing on this petition and understands that he or she must attend the meeting.
2. Petitioner requests that the Court enter an order that:
[/ all that apply]
_ a. establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;
_ b. establishes parental responsibility, custody, and visitation of the minor child(ren);
_ c. awards child support, including medical/dental insurance coverage for the minor child(ren);
_ d. determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;
_ e. determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor children);
_ f. changes the child(ren)’s name(s):
[[Image here]]
I understand that I am swearing and affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _
[[Image here]]
*948 Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: .
Fax Number: _
STATE OF FLORIDA COUNTY OF_
[[Image here]]
[[Image here]]
[[Image here]]
_Personally known
_Produced identification
Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [<& fill in all blanks]
[[Image here]]
Form 12.983(c) Instructions
INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
When should this form be used?
This form should be used when you are responding to a petition to determine paternity and asking the court for something different than what was in the petition, such as custody, visitation, and child support. The answer is used to admit or deny the allegations contained in the petition, and the coun-terpetition is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpet-ition after being served with your counter-petition.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public. You should then file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
What should I do next?
You have 20 days to file an answer or answer and counterpetition to the other party’s petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed or hand delivered to the other party in your case.
If you deny that the person named in the petition is the child(ren)’s father, a Motion for Scientific Paternity Testing, ^ □ Florida Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)’s father.
After you file an answer and counterpetition, the ease will then generally proceed as follows:
UNCONTESTED ... This ease is uncontested if you and the other party agree on all *949 issues raised in the petition and the counter-petition. If this is the case, and you and the other party have complied with mandatory disclosure and filed all of the required papers, either party may call the clerk, family law intake staff, or .judicial assistant to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a Notice of Hearing (General), Florida Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a Notice for Trial, % □ Florida Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
Where can I look for more information?
Before proceeding, you should read “General Information for Pro Se Litigants” for some basic information. The words that are in “bold underline” in these instructions are defined there. For further information, see chapter 742, Florida Statutes.
Special notes ...
If the ehild(ren)’s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be checked on page 2, section 9a of the counterpetition part of this form.
With this answer, you must file the following:
• Uniform Child Custody Jurisdiction Act Affidavit, □ Florida Family Law Form 12.901(f).
• Notice of Social Security Number, Florida Family Law Form 12.901(j).
• Financial Affidavit, % □ Florida Family Law Form 12.901(d) or (e). (This must be filed within 45 days of service of the petition on you if not filed with this answer.)
• Certificate of Compliance with Mandatory Disclosure, % □ Florida Family Law Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)
• Child Support Guidelines Worksheet, □ Florida Family Law Form 12.901(g). (If you do not know the other party’s income, you may file this worksheet after his or her financial affidavit has been filed.)
Many jurisdictions may require the completion of a parenting course or mediation before a final hearing may be set. You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.
Child Custody .. .The judge will decide the parenting arrangements based on the child(ren)’s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor children). The judge may request a parenting evaluation or appoint a guardian ad litem in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is being served. For more information, you may consult section 61.401-61.405, Florida Statutes.
Listed below are some terms with which you should become familiar before completing your petition. If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.
• Shared Parental Responsibility
• Sole Parental Responsibility
• Rotating Custody
• Primary residence
• Secondary Residential Responsibility
• Reasonable visitation
*950 • Specified visitation
• Supervised visitation
• No contact
Child Support ... The court may order one parent to pay child support to assist the other parent in meeting the child(ren)’s material needs. Both parents are required to provide financial support, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.
If you are requesting custody or primary residential responsibility for one or more children, you should request child support in your petition. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of both parents and take into account the financial contributions of both parents. You should file a financial affidavit, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.
Final Judgments .. .These family law forms contain a Final Judgment of Paternity, ^ □ Florida Family Law Form 12.983(g), which the judge may use. You should cheek with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, % □ Florida Family Law Form 12.900, before he or she helps you. A non-lawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
Form 12.983(c)
[[Image here]]
ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
I, {full legal name} _, Respondent, being sworn, certify that the following information is true:
ANSWER TO PETITION
1. I agree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, admit those allegations: {indicate *951 section and paragraph number} -
2.I disagree with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, deny those issues: {indicate section and paragraph number} _
3.I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _
COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF
SECTION I. PATERNITY
[[Image here]]
[[Image here]]
[[Image here]]
4. Both parties are over the age of 18, and neither is, nor has been within a 30 day period immediately prior to this date, a person in the military service of the United States as defined by the Amended Sailors’ and Soldiers’ Civil Relief Act of 1940.
5. Neither Petitioner nor Respondent is mentally incapacitated.
6. A completed Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, Florida Family law Form 12.901(f), is filed with this counterpetition.
7. A completed Notice of Social Security Number, Florida Family Law Form 12.901(j), is filed with this counterpetition.
8. A completed Financial Affidavit, % □ Florida Family Law Form 12.901(d) or (e), is, or will be, filed.
9. Paternity Facts.
[/ one only]
_ a. Paternity has previously been established as a matter of law.
_ b. the parties engaged in sexual intercourse with each other in the month(s) of {list month(s) and year(s)} -, at {city and state} -. As a result of the sexual intercourse, ( ) Petitioner ( ) Respondent conceived and gave birth to the minor ehild(ren) named in paragraph 1. ( ) Petitioner ( ) Respondent is the natural father of the minor child(ren). The mother ( ) was ( ) was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is: -
*952 SECTION II. CHILD CUSTODY, PARENTAL RESPONSIBILITY, AND VISITATION
1. The minor child(ren) currently reside(s) -with ( ) Mother ( ) Father ( ) Other: {explain} _
2. Parental Responsibility. It is in the child(ren)’s best interest that parental responsibility be:
[/ one only]
_ a. shared by both Father and Mother.
— b. awarded solely to ( ) Father ( ) Mother. Shared parental responsibility would be detrimental to the ehild(ren) because: _
3. Primary Residential Parent (Custody). It is in the best interests of the child(ren) that the primary residential parent be ( )Father ( ) Mother ( ) undesignated ( ) rotating because_
4. Visitation or Time Sharing. Respondent requests that the Court order: [/ all that apply]
_ a. no visitation.
_b. limited visitation.
_ c. supervised visitation.
_ d. supervised or third-party exchange of child(ren).
— e. visitation or time sharing as determined by the Court.
— f. a visitation or time sharing schedule as follows:
[[Image here]]
Has the above visitation or time sharing schedule been agreed to by the parties? ( ) yes ( ) no
5. The minor child(ren) should
[/ only one]
a. retain his/her (their) present name(s).
b. receive a change of name as follows:
present name(s) be changed to
[[Image here]]
*953 SECTION III. CHILD SUPPORT
[/ all that apply]
_ 1. Respondent requests that the court award child support as determined by Florida’s child support guidelines, section 61.30, Florida Statutes. A completed Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), is, or will be, filed. Such support should be ordered retroactive to:
[/ one only]
_ a. the date of birth of the child.
_ b. the date of the filing of this petition.
__ c. other: {date}_{Explain} -
_ 2. Respondent requests that the Court award a child support amount that is more than or less than Florida’s child support, guidelines. Respondent understands that a Motion to Deviate form Child Support Guidelines,^ □ Florida Family Law Form 12.943, must be completed before the Court will consider this request.
_ 3. Respondent requests that medical/dental insurance coverage for the minor ehild(ren) be provided by:
[/ one only]
_ a. Father.
_ b. Mother.
_ 4. Respondent requests that uninsured medical/dental expenses for the ehild(ren) be paid by:
[/ one only]
__ a. Father.
_ b. Mother.
_ c. Father and Mother each pay one-half.
_ d. Father and Mother each pay according to the percentages in the Child Support Guidelines Worksheet, ^ □ Florida Family Law Form 12.901(g).
_ e. Other {explain}: -
_ 5. Respondent requests that life insurance to secure child support be provided by:
[/ one only]
_ a. Father.
_ b. Mother.
__ c. Both.
_ 6. ( ) Petitioner ( ) Respondent ( ) both has (have) incurred medical expenses in the amount of $ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor ehild(ren). There should be an appropriate allocation or apportionment of these expenses.
_ 7. ( ) Petitioner ( ) Respondent ( ) Both has (have) received past public assistance for this (these) minor child(ren).
RESPONDENT’S REQUEST
1. Respondent requests a hearing on this petition and understands that he or she must attend the hearing.
2. Respondent requests that the Court enter an order that:
[/ all that apply]
_ a. establishes paternity of the minor ehild(ren), ordering proper scientific testing, if necessary;
*954 _ b. establishes parental responsibility, custody, and visitation of the minor child(ren);
_ c. awards child support, including medical/dental insurance coverage, for the minor child(ren);
_ d. determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;
_ e. determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor ehild(ren);
_ f. changes the child(ren)’s name(s); and
'_ g. other relief as follows: _ _; and grants such other relief as may be appropriate and in the best interests of the minor child(ren).
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _
Signature of Respondent/Counter-petitioner
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number: _
Fax Number: _
STATE OF FLORIDA
COUNTY OF_
Sworn to or affirmed and signed before me on_by
NOTARY PUBLIC — STATE OF FLORIDA
[Print, type, or stamp commissioned name of notary.]
_Personally known
_Produced identification
_Type of identification produced_
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [/& fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {sireei} _, {city} _, {state} _, {phone} _, helped {name} _, who is the respondent, fill out this form.
Form 12.988(g)
*955 [[Image here]]
FINAL JUDGMENT OF PATERNITY
This cause came before the Court upon a Petition to Determine Paternity and for Related Relief, under chapter 742, Florida Statutes. The Court having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction of the subject matter and the parties.
2. Paternity. [/ one only] ( ) By operation of law, ( ) The Court finds that {full legal name} -, is the natural and biological father of the minor child(ren), listed below:
[[Image here]]
SECTION I. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation with the parties’ minor child(ren) listed in paragraph 2 above.
2. Parental Responsibility for the Minor Child(ren).
[/ one only]
_ a. Not adjudicated. Since no request for relief was made in this action, parental responsibility of the minor child(ren) is governed by sections 742.031 and 744.301, Florida Statutes.
_ b. The parties shall have shared parental responsibility for the parties’ minor child(ren). ( ) Mother ( ) Father shall have primary residential responsibility of the minor ehild(ren) and the other parent shall have secondary residential responsibility, as set forth in paragraph 3 below. OR The primary residential parent shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
_ c. ( ) Mother ( ) Father shall have sole parental responsibility for the parties’ minor child(ren). Shared parental responsibility would be detrimental to the child(ren) at this time because: - The other parent shall have visitation with the parties’ minor ehild(ren) as set forth in paragraph 3 below.
*956 3.Secondary Residential Responsibility, Visitation or Time Sharing with Minor Child(ren). The parent granted secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
_ a. reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
— b. the following specified visitation or time sharing with the parties’ minor child(ren), subject to any limitations set out in paragraph 5 below: {specify days and times} _
— c. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} _
4.Limitations on Parental Responsibility, Visitation and Time Sharing.
Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the chüd(ren) without the agreement of the other parent during the other parent’s time of parental responsibility or visitation. The above reasonable (paragraph 3.a. above) or specified (paragraph 3.b. above) visitation shall be:
[/ if applies]
— a. supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name}_
— b. at the supervised visitation center located at: {address} _ and shall be subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
5.Communication Arrangements for Secondary Parenting, Visitations, and Time Sharing with Child(ren).
[/ if applies]
— The parties’ communications to arrange visitation or time sharing and discuss issues relating to the child(ren) (if shared parenting or visitation is provided in paragraph 2 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor ehild(ren). If the parties cannot agree, the responsible person shall be: {name} _:_ ( ) other conditions for arrangements or discussions: { explain} _
*957 6.Exchange of Minor Child(ren). The exchange of the minor children) shall be on time as scheduled and as agreed to by the parties. The following conditions, if cheeked below, shall also apply.
[/ all that apply]
_ a. The parties shall exchange the child(ren) at the following loeation(s): _
_ b. The parent granted secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the children) are exchanged.
_ c. A responsible person shall conduct all exchanges of the child(ren). Neither parent shall accompany the responsible person when that person is transferring the child(ren) from one parent to the other. If the parties’ cannot agree, the responsible person shall be: {name} -
_ d. Other conditions for exchange of the child(ren) are as follows: -
7.Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor child(ren) from the ( ) State of Florida ( ) {specify}
without a court order or the written consent of the other party.
[[Image here]]
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, % □ Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net income of $_, (Child Support Guidelines_%). The Father’s net income is $-, (Child Support Guidelines_%). Monthly child care costs are $- Monthly health/dental insurance costs are $-
2. Amount. The Obligor shall be obligated to pay child support in the amount of $_per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}_, and continuing until
( ) the youngest of the minor child(ren) reaches the age of 18, beeome(s) emancipated, marries, dies, or otherwise becomes self-supporting OR *958 one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
[[Image here]]
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _
3. Arrearage/Retroactive Child Support.
[/ if applies]
.— a. There is no retroactive child support or arrearage at the time of this Final Judgment.
—. b. ( ) Mother ( ) Father ( ) both has (have) incurred medical expenses in the amount of $-on behalf of the minor children), including hospital and other expenses incidental to the birth of the minor child(ren). Petitioner shall pay-%, Respondent shall pay_%, which shall be paid as follows: ( ) added to arrearage in paragraph e below ( ) other {explain} _
c. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of: $- for retroactive child support, as of {date} $- for previously ordered unpaid child support, as of {date} $_for previously incurred medical expenses. The total of $-in child support arrearage shall be repaid at the rate of $-per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}-, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
— a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
— b. Reasonable and necessary uninsured medical/dental prescription drug costs for the minor children) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
[[Image here]]
As to these uninsured medical/dental prescription drugs expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
*959 5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Mother ( ) Father ( ) each party shall maintain life insurance coverage, in an amount of at least $-, on () his life ( ) her life ( ) his/her life naming the ( ) minor children), as benefieiaryfies) ( ) primary residential parent as the beneficiary as Trustee for the minor ehildfren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the ehildfren) shall be as follows: Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION III. METHOD OF PAYMENT.
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name}_County, along with any depository service charge.
__ b. Both parties have requested and the court finds that it is in the best interests of the ehildfren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Government Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obli-gor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the ehildfren) because: {explain} -
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
*960 3. Bonus/one-time payments. ( ) All ( ) %_( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment._
SECTION IV. CHILD(REN)’S NAME(S)
_ a. There will be no change to the child(ren)’s name(s).
___ b. It is in the ehild(ren)’s best interests that the child(ren)’s
[[Image here]]
by which the minor ehild(ren) shall hereafter be known.
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY.
— 1. ( ) Petitioner’s ( ) Respondent’s requests) for attorney fees, costs, and suit money is (are) denied because _
— 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_ in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $-per hour and_reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _
3. The costs of the scientific paternity testing shall be assessed ( ) against Petitioner ( ) against Respondent ( ) Other {explain}_
SECTION VI. OTHER PROVISIONS
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Final Judgment. ORDERED on_
[[Image here]]
Copies to:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
*961 Central Governmental Depository _Other: -
I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of_County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT
(SEAL)
By: - Deputy Clerk
Form 12.990(c)(1)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
[[Image here]]
[[Image here]]
FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
_ a. date of filing petition for dissolution of marriage-
_ b. date of separation_
_ c. date of divorce trial-
*962 Division of Assets.
[[Image here]]
2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).
[[Image here]]
*963 [[Image here]]
C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.
[[Image here]]
2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.
[[Image here]]
*964 [[Image here]]
[[Image here]]
E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning: _
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME [/ all that apply]
— 1. ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive use and possession of the dwelling located at: _ until {date or event} _
— 2. ( ) Petitioner ( ) Respondent may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.
— 3. Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided_% to petitioner and —% to Respondent, with the following credits and/or setoffs being allowed:
[[Image here]]
SECTION III. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation with the parties’ minor child(ren) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
[[Image here]]
*965 [[Image here]]
3.Parental Responsibility for the Minor Child(ren).
[/ one only]
_ a. The parties shall have shared parental responsibility for the parties’ minor child(ren). ( ) Mother ( ) Father shall have primary residential responsibility of the minor ehild(ren) and the other parent shall have secondary residential responsibility, as set forth in paragraph 4 below. OR The primary residential parent shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
_ b. ( ) Mother ( ) Father shall have sole parental responsibility for the parties’ minor children). Shared parental responsibility would be detrimental to the ehild(ren) at this time because:
[[Image here]]
The other parent shall have visitation with the parties’ minor child(ren) as set forth in paragraph 4 below.
4.Secondary Residential Responsibility, Visitation, or Time Sharing with Minor Child(ren). The parent granted secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
_ a. reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
_ b. the following specified visitation or time sharing with the parties’ minor child(ren), subject to any limitations set out in paragraph 5 below: {specify days and times} _
_ e. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). {explain} _
5.Limitations on Parental Responsibility, Visitation, and Time Sharing. Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other parent during the other parent’s time of parental responsibility or visitation. The above reasonable (paragraph 4.a. above) or specified (paragraph 4.b. above) visitation shall be:
[/ if applies]
_ a. supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {name} _
_ b. at the supervised visitation center located at: {address} *966 subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Secondary Parenting, Visitation, and Time Sharing with Child(ren).
[/ if applies]
_ The parties’ communications to arrange visitation or time sharing and discuss issues relating to the child(ren) (if shared parenting or visitation is provided in paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor child(ren). If the parties cannot agree, the responsible person shall be: {name} _ ( ) other conditions for arrangements or discussions: {explain} _
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
— a. The parties shall exchange of the children) at the following location(s):
_ b. The parent granted secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the child(ren) are exchanged.
_ c. A responsible person shall conduct all exchanges of the ehild(ren). Neither parent shall accompany the responsible person when that person is transferring the children) from one parent to the other. If the parties’ cannot agree, the responsible person shall be: {name} _
_ d. Other conditions for exchange of the child(ren) are as follows: _
— 8. Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor child(ren) from the ( ) State of Florida ( ) {specify} with a court order or the written consent of the other party.
[[Image here]]
SECTION IV. ALIMONY
1. ( ) The Court denies the request(s) for alimony OR
*967 ( ) The Court finds that there is a need for, and that ( ) Petitioner
( ) Respondent (hereinafter Obligor) has/had the present ability to pay, alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain}_ beginning {date} _ This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
_ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: _
_ e. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date }_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} -, whichever occurs first. The rehabilitative plan presented demonstrated the following: _
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_ for the period of {date} _, through {date} _, which shall be paid pursuant to paragraph 8 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
e. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party.
Additionally, the Court has considered the following factors in reaching its decision: -
□ Check here if additional pages are attached.
3. Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony
arrearage of:
$_for retroactive alimony, as of {date}$_ for previously ordered unpaid alimony, as of {date} _The total of $_in alimony arrearage *968 shall be repaid in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other { explain} _ beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $_ per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
— b. Life insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_ and shall remain in effect until the obligation for alimony terminates.
[[Image here]]
SECTION Y. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, % □ Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $-, (Child Support Guidelines _%). The Father’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $_Monthly health/dental insurance costs are $_
2. Amount. Obligor shall be obligated to pay child support in the amount of $-, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain }: _ beginning {date}_, and continuing until
( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event} _, {explain}_ *969 If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: -
3. Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
$_for retroactive child support, as of {date}_ $_for previously ordered unpaid child support, as of {date} __ The total of $_in child support arrearage shall be repaid in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} -:- beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor ehild(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain }: _ As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
_ 5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor ehild(ren) as the beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the children), OR, if checked here, ( ) assignment of any tax exemption(s) for the children) shall be as follows: Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
*970 [[Image here]]
SECTION VI. METHOD OF PAYMENT.
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in { name } _ County, along with any depository service charge.
_ b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction pursuant to a separate Income Deduction Order which shall be effective immediately. Obli-gor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the child(ren) because: { explain} _
AND
there is proof of timely payment of a previously ordered obligation without income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) %_( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
[[Image here]]
SECTION VII. ATTORNEY FEES, COSTS, AND SUIT MONEY.
— 1. ( ) Petitioner’s ( ) Respondent’s requests) for attorney fees, costs, and suit money is (are) denied because_
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_ in attorney fees, and $_ in costs. The *971 Court further finds that the attorney fees awarded are based on the reasonable rate of $_: per hour and_reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows:
SECTION VIII. OTHER PROVISIONS
1. Former name. The wife’s former name of {full name} _is restored.
2. Other Provisions. _
3.The Court reserves jurisdiction to modify and enforce this Final Judgment. ORDERED on_
CIRCUIT JUDGE
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Government Depository
Other: _
Form 12.990(e)(2)
[[Image here]]
FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
*972 1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
_ a. date of filing petition for dissolution of marriage_
_ b. date of separation_
_ c. date of divorce trial_
Division of Assets.
[[Image here]]
2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).
[[Image here]]
*973 [[Image here]]
C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.
[[Image here]]
*974 2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.
[[Image here]]
D. Contingent assets and liabilities will be divided as follows: _
E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning: _
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[/ all that apply]
— 1. ( ) Petitioner ( ) Respondent, as a condition of support, shall have exclusive use and possession of the dwelling located at: _ until { date or event} _
2. ( ) Petitioner ( ) Respondent may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this *975 Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.
_ 3. Upon termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided_% to Petitioner and —% to Respondent, with the following credits and/or setoffs being allowed: _
[[Image here]]
SECTION III. ALIMONY
1. ( ) The Court denies the request(s) for alimony OR
( ) The Court finds that there is a need for, and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to pay, alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other %8Bexplain} beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
_ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_This amount shall be paid as follows: _
_ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other { explain} - beginning { date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} _, whichever occurs first. The rehabilitative plan presented demonstrated the following: -
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_for the period of { date}_, through { date}_, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemalring, child care, education, and career building of the other party; and
f. All sources of income available to either party.
Additionally, the Court has considered the following factors in reaching its decision: ____
*976 [[Image here]]
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony arrearage of:
$_for retroactive alimony, as of { date}_ $_for previously ordered unpaid alimony, as of { date}_ The total of $_in alimony arrearage shall be repaid in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other { explain} beginning { date}-, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
— a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $_ per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
— b. Life Insurance (to secure payment of support.) To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $-and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: _
SECTION IV. METHOD OF PAYMENT.
Obligor shall pay court-ordered alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payment through the Central Governmental Depository.
*977 2. Income Deduction.
y if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuit to a separate Income Deduction Order which shall be effective immediately. Obli-gor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: There are no minor or dependent child(ren) common to the parties,
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. -
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY.
_ 1. ( ) Petitioner’s ( ) Respondent’s requests) for attorney fees, costs, and suit money is (are) denied because_
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_ per hour and _ reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: -
SECTION VI. OTHER PROVISIONS
1. Former Name. The wife’s former name of {fall name} _is restored.
2. Other Provisions. _
3. The Court reserves jurisdiction to modify and enforce this Final Judgment. ORDERED on_
[[Image here]]
*978 COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
Form 12.993(a)
[[Image here]]
SUPPLEMENTAL FINAL JUDGMENT OF MODIFICATION OF PARENTAL RESPONSIBILITY/VISITATION
This cause came before this Court on a Supplemental Petition for Modification of Parental Responsibility and Visitation. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order establishing or modifying parental responsibility or visitation was entered on { date}_
3. There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _
4.It is the best interests of the minor child(ren) that the current parental responsibility/visitation order be changed because: _:_
SECTION II. CUSTODY OF AND VISITATION WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine custody of and visitation with the parties’ minor ehild(ren) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
*979 [[Image here]]
3.Parental Responsibility for the Minor Child(ren).
[/ one only]
_ a. The parties shall have shared parental responsibility for the parties’ minor child(ren).
( ) Mother ( ) Father shall have primary residential responsibility of the minor child(ren) and the other parent shall have secondary residential responsibility, as set forth in paragraph 4 below. OR The primary residential parent shall be ( ) undesignated ( ) rotating with time sharing for the ( ) Mother ( ) Father as set forth in paragraph 4 below.
_ b. ( ) Mother ( ) Father shall have sole parental responsibility for the parties’ minor child(ren).
Shared parental responsibility would be detrimental to the child(ren) at this time because:
[[Image here]]
The other parent shall have visitation with the parties’ minor ehild(ren) as set forth in paragraph 4 below.
4.Secondary Residential Responsibility, Visitation, or Time Sharing with Minor Child(ren). The parent granted secondary residential responsibility, visitation, or time sharing shall have:
[/ one only]
_ a. Reasonable visitation or time sharing with the parties’ minor child(ren) after reasonable notice and as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
_ b. The following specified visitation or time sharing with the parties’ minor child(ren), subject to any limitations set out in paragraph 5 below: { specify days and times} !_
_ c. no contact with the parties’ minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren). { explain} _
5.Limitations on Parental Responsibility, Visitation or Time Sharing. Neither parent shall take the child(ren) from the custody of the other parent or any child care provider or other person entrusted by the other parent with the care of the chüd(ren) without the agreement of the other parent during the other parent’s time of parental responsibility or visitation. The above reasonable (paragraph 4.a. above) or specified (paragraph 4.b. above) visitation shall be:
*980 [/ if applies]
_ a. Supervised by a responsible adult who is mutually agreeable to the parties. If the parties cannot agree, the supervising adult shall be: {Name}_
_ b. At the supervised visitation center located at: {address} _, subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) Mother ( ) Father ( ) Both.
6. Communication Arrangements for Secondary Parenting, Visitation, or Time Sharing with Child(ren).
[/ if applies]
_ The parties’ communications to arrange visitation or time sharing and discuss issues relating to the child(ren) (if shared parenting or visitation is provided in paragraph 3 above) are restricted as follows: ( ) telephone, ( ) fax, e-mail, or letter, ( ) A responsible person shall coordinate the visitation or time sharing arrangements of the minor child(ren). If the parties cannot agree, the responsible person shall be: {name} _ ( ) other conditions for arrangements or discussions: {explain} _
7. Exchange of Minor Child(ren). The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if checked below, shall also apply.
[/ all that apply]
_ a. The parties shall exchange the child(ren) at the following location(s): _
— b. The parent granted secondary parenting, visitation, or time sharing shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the chñd(ren) are exchanged.
— c. A responsible person shall conduct all exchanges of the ehild(ren). Neither parent shall accompany the responsible person when that person is transferring the ehild(ren) from one parent to the other. If the parties cannot agree, the responsible person shall be: {name} _
_ d. Other conditions for exchange of the child(ren) are as follows: _
— 8. Injunction Prohibiting Removing the Child(ren). The Court hereby prohibits and enjoins the ( ) Mother ( ) Father ( ) Both from permanently removing the minor child(ren) from the ( ) State of Florida ( ) {specify} without a court order or the written consent of the other party.
— 9. Other Provisions Relating to the Minor Child(ren).
[[Image here]]
*981 SECTION III. CHILD SUPPORT
1. Modification of Child Support.
[/ one only]
_ a. The modification of parental responsibility or visitation entered above does not necessitate a modification of child support. The previous order or final judgment establishing or modifying child support shall remain in effect.
_ b. The Court finds that there is a need for modification of child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, ^ □ Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines_%). The Father’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $_Monthly health/dental insurance costs are $__
2. Amount. Obligor shall be obligated to pay child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} _ beginning {date}_, and continuing until
( ) the youngest of the minor children) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event} _, {explain}_
If the child support ordered deviates from the guidelines by more than 5% the factual findings which support that deviation are: -
3.Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Supplemental Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
$_for retroactive child support, as of {date}-$_for previously ordered unpaid child support, as of {date}The total of $_in child support arrearage shall be repaid in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor children), so long as reasonably available. The party providing coverage shall *982 be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental prescription drug costs for the minor child(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain} _ As to these uninsured medical/dental/prescription ¿h-ug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor ehild(ren) as the beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for the minor ehild(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the first of the parties’ minor children reaches of age of 18 or until one of the parties’ children becomes emancipated, marries, dies, otherwise becomes self-supporting, at which time the amount of life insurance shall be recomputed.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the ehild(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION IV. METHOD OF PAYMENT
Obligor shall pay court-ordered child support and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name of county}_County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the children) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obli-gor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely *983 payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the ehild(ren) because: {explain} _:_
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee to the payment method prescribed above.
4. Other provisions relating to the method of payment._
SECTION V. ATTORNEY FEES, COSTS, AND SUIT MONEY.
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because_
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_ per hour and _ reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: -
SECTION VI. OTHER
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final judgments or orders in effect remain the same.
ORDERED on_
[[Image here]]
*984 COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
Form 12.993(b)
[[Image here]]
SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT
This cause came before this Court on a Supplemental Petition for Modification of Child Support. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The parties’ dependent or minor child(ren) is:
[[Image here]]
3.The last order awarding or modifying child support was entered on {date}
4.There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _
[[Image here]]
*985 SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for modification of child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines _%). The Father’s net monthly income is $_, (Child Support Guidelines_%). Monthly child care costs are $_Monthly health/dental insurance costs are $-
2. Amount. Obligor shall be obligated to pay child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: beginning {date}_, and continuing until
( ) the youngest of the minor child(ren) reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting OR one of the minor children reaches the age of 18, become(s) emancipated, marries, dies, or otherwise becomes self-supporting and either party files a supplemental petition to modify child support and the court enters such an order.
OR
( ) {date/event} _, {explain}_
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: -
3.Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Supplemental Final Judgment.
_ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
$_for retroactive child support, as of {date}_ $_for previously ordered unpaid child support, as of {date}The total of $_in child support arrearage shall be repaid in the amount of $_, per month payable ( ) in accordance with his or her employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) Dental insurance is not reasonably available at this time.
*986 _ b. Reasonable and necessary uninsured medical/dental prescription costs for the minor child(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: _
As to these uninsured medical/dental/prescription expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Mother ( ) Father ( ) Each party shall maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor child(ren) as the beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the first of the parties’ minor children reaches the age of 18 or until one of the parties’ children becomes emancipated, marries, dies, otherwise becomes sélf-supporting, at which time the amount of life insurance coverage shall be recomputed.
6. IRS Income Tax Exemption(s). The party granted primary residential responsibility or sole parental responsibility of the minor child(ren) shall have the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows:
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION III. METHOD OF PAYMENT
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name of county}_County, along with any depository service charge.
— b. Both parties have requested and the court finds that it is in the best interests of the children) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
— a. Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obli-gor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
— b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented *987 immediately based on the following findings: Income deduction is not in the best interests of the ehild(ren) because: {explain} _
AND
there is proof of timely payment of a previously ordered obligation without income deduction order,
AND
( ) there is an agreement by the Obligor to advise the Central Governmental Depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( )_% ( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _
SECTION IY. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because-
_ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_ per hour and _ reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _
SECTION V. OTHER
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final judgments or orders in effect remain the same.
ORDERED on_
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Government Depository
Other: _
*988 Form 12.993(e)
[[Image here]]
SUPPLEMENTAL FINAL JUDGMENT MODIFYING ALIMONY
This cause came before this Court on a Supplemental Petition for Modification of Alimony. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:
SECTION I. FINDINGS
1. The Court has jurisdiction over the subject matter and the parties.
2. The last order awarding or modifying alimony was entered on { date} _
3.There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _
SECTION II. ALIMONY
1. ( ) The Court denies the request(s) for modification of alimony OR
( ) The Court finds that there is a need to modify alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has/had the present ability to pay alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other { explain} _ beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
— b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of _$_
This amount shall be paid as follows: _
— c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_ per month, payable ( ) in accordance with Obligor’s *989 employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} - beginning {date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} whichever occurs first. The rehabilitative plan presented demonstrated the following: _
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_for the period of {date}_, through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for ( ) Awarding ( ) Denying Modification of Alimony. The Court has considered all of the following in awarding/denying the modification of alimony request:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party. Additionally, the Court has considered the following factors in reaching its decision: _
□ Check here if additional pages are attached.
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Supplemental Final Judgment.
_ b. The ( ) Petitioner ( ) Respondent shall pay to the other party the alimony arrearage of:
$_for retroactive alimony, as of {date}_ $_for previously ordered unpaid alimony, as of {date}The total of $_in alimony arrearage shall be repaid in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4.Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $-per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $- per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance *990 coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to modification of alimony: _
SECTION III. METHOD OF PAYMENT
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name of county}_County, along -with any depository service charge
— b. Both parties have requested that support payments not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.08, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
— a. Immediate. Obligor shall pay through income deduction. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Notice authorized this day, Obligor is responsible for making timely payments directly to the Central Governmental Depository.
— b. Deferred. An Income Deduction Notice is authorized this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: _
AND
there is proof of timely payment of a previously ordered obligation without income deduction order,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) $_( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
— 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because_
— 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. ■ The Court further finds that the attorney fees awarded are based on the reasonable rate *991 of $_ per hour and _ reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: -
SECTION V. OTHER
[[Image here]]
2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.
3. Unless specifically modified by this supplemental final judgment, the provisions of all final judgments or orders in effect remain the same.
ORDERED on_
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
Form 12.994(a)
[[Image here]]
FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. Petitioner has custody of the following minor ehild(ren) common to the parties or the ehild(ren) has (have) primary residence with Petitioner.
*992 [[Image here]]
SECTION I. ALIMONY
1. ( ) The Court denies the request(s) for alimony. OR
( ) The Court finds that there is a need for alimony and that Respondent has/had the ability to support Petitioner and has failed to do so. Respondent (hereinafter Obligor) has the present ability to pay alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
— b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of _$_ This amount shall be paid as follows: _
— c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $- per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _:_ beginning {date}-This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} whichever occurs first. The rehabilitative plan presented demonstrated the following: _
— d. Retroactive. Obligor shall pay retroactive alimony in the amount of $- for the period of {date} _, through {date} _, which shall be paid pursuant to paragraph 3 below.
2. Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career budding of the other party; and
f. All sources of income available to either party.
Additionally, the court has considered the following factors in reaching its decision: _
*993 [[Image here]]
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. Respondent shall pay to Petitioner the alimony arrearage of:
$_for retroactive alimony, as of {date}_ $_for previously ordered unpaid alimony, as of {date}_ The total of $_in alimony arrearage shall be repaid in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $-per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $- per year. As to the uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit a request for reimbursement to the other party within 30 days, and the other party shall, within 30 days of receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: -
SECTION II. CHILD SUPPORT
1. The Court finds that there is a need for child support and that the ( ) Mother ( ) Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, ^ □ Florida Family Law Form 12.901(g), filed by the ( ) Mother ( ) Father are correct OR the Court makes the following findings: The Mother’s net monthly income is $_, (Child Support Guidelines _%). The Father’s net monthly income is $_, (Child Support Guidelines _%). Monthly child care costs are $_Monthly health/dental insurance costs are $-
2. Amount. Under the child support guidelines, the ( ) Mother ( ) Father shall be obligated to pay child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} - beginning {date}_, and continuing
( ) until the first of the parties’ minor children reaches the age of 18 or until one of the parties’ children becomes emancipated, marries, dies, *994 otherwise becomes self-supporting, at which time the child support shall be recomputed under the then-current Child Support Guidelines.
OR
( ) until {date/event} _, {explain}_
If the child support ordered deviates from the guidelines by 5% or more, the factual findings which support that deviation are: _
3. Arrearage/Retroactive Child Support.
[/ one only]
_ a. There is no child support arrearage at the time of this Final Judgment.
__ b. The ( ) Mother ( ) Father shall pay to the other party the child support arrearage of:
$_for retroactive child support, as of {date}_ $_for -previously ordered unpaid child support, as of {date}_ The total of $_in child support arrearage shall be repaid in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} beginning {date} __, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health/Dental Insurance. ( ) Mother ( ) Father shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren), so long as reasonably available. The party providing coverage shall be required to convey insurance cards demonstrating said coverage to the other party. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
_ b. Reasonable and necessary uninsured medical/dental costs for the minor child(ren) shall be assessed as follows:
( ) Shared equally by both parents.
( ) Prorated according to the child support guideline percentages.
( ) Other {explain}: __ As to these uninsured medical/dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, ( ) Petitioner ( ) Respondent ( ) Each party shall maintain life insurance coverage, in an amount of at least $_, on ( ) his life ( ) her life ( ) his/her life naming the ( ) minor children) as the beneficiary(ies)( ) primary residential parent as the beneficiary as Trustee for the minor children). The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, dies, or otherwise becomes self-supporting.
6. IRS Income Tax Exemption(s). Petitioner shall have the benefit of any tax exemption(s) for the child(ren), OR, if checked here, ( ) assignment of any tax exemption(s) for the child(ren) shall be as follows: _■ *995 Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7. Other provisions relating to child support: _
SECTION III. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
_ a. Obligor shall pay court-ordered support directly to the Central Governmental Depository in {name} _ County, along with any depository service charge.
_ b. Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through the Central Governmental Depository. However, either party may subsequently apply to the depository pursuant to section 61.08 or 61.13, Florida Statutes, to require payments through the Central Governmental Depository.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Notice authorized this day, Obligor is responsible for making timely payments directly to the Central Governmental Depository or the Obligee, as previously set forth in this order.
_ b. Deferred. An Income Deduction Notice is authorized this day, but is shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in the best interests of the ehild(ren) because: {explain} _
AND
there is proof of timely payment of a previously ordered obligation without income deduction order in cases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
3. Bonus/one-time payments. ( ) All ( ) $_( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment. _
SECTION IY. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner’s ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because _
*996 _ 2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_per hour and_reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _
SECTION VIII. OTHER PROVISIONS
1. Other Provisions: _
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on_
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _
Form 12.994(b)
[[Image here]]
FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILDREN
This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. The parties have no minor or dependent children in common, and the wife is not pregnant.
*997 SECTION I. ALIMONY
1. ( ) The Court denies the request(s) for alimony. OR
( ) The Court finds that there is a need for alimony and that Respondent has/had the ability to support Petitioner and has failed to do so. Respondent (hereinafter Obligor) has the present ability to pay alimony as follows:
[/ all that apply]
_ a. Permanent Periodic. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date}_This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first.
_ b. Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_ This amount shall be paid as follows: _
_ c. Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain}beginning {date}_This rehabilitative alimony shall continue until modified by court order, the death of either party or until {date/event} whichever occurs first. The rehabilitative plan presented demonstrated the following: _
_ d. Retroactive. Obligor shall pay retroactive alimony in the amount of $_ for the period of {date} _, through {date} _, which shall be paid pursuant to paragraph 3 below.
2.Reasons for ( ) Awarding ( ) Denying Alimony. The Court has considered all of the following in awarding/denying alimony.
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each;
e. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party; and
f. All sources of income available to either party.
Additionally, the Court has considered the following factors in reaching its decision: _
□ Cheek here if additional pages are attached.
3.Arrearage/Retroactive Alimony.
[/ one only]
_ a. There is no alimony arrearage at the time of this Final Judgment.
_ b. Respondent shall pay to Petitioner the alimony arrearage of:
$_for retroactive alimony, as of {date}_. $_for previously ordered unpaid alimony, as of {date} _ *998 The total of $_in alimony arrearage shall be repaid in the amount of $__ per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain} beginning {date}_, until paid in full including statutory interest.
4. Insurance.
[/ all that apply]
_ a. Health Insurance. ( ) Petitioner ( ) Respondent shall be required to pay health insurance premiums for the other party not to exceed $_per month. Further, ( ) Petitioner ( ) Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not to exceed $_ per year. As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit a request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.
_ b. Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_and shall remain in effect until the obligation for alimony terminates.
5. Other provisions relating to alimony: _
SECTION II. METHOD OF PAYMENT.
Obligor shall pay court-ordered alimony and arrears, if any, as follows:
1. Central Governmental Depository.
[/ if applies]
— a. Obligor shall pay court-ordered support directly to the Central governmental Depository in {name} _ County, along with any depository service charge.
2. Income Deduction.
[/ if applies]
_ a. Immediate. Obligor shall pay through income deduction. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Until support payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Notice authorized this day, Obligor is responsible for making timely payments directly to the Central Governmental Depository as previously set forth in this order.
— b. Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: There are no minor child(ren) common to the parties
AND
there is proof of timely payment of a previously ordered obligation without an income deduction order in eases of modification,
AND
( ) there is an agreement by the Obligor to advise the central governmental depository of any change in payor and health insurance OR ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee.
*999 3. Bonus/one-time payments. ( ) All ( ) $-( ) No income paid in the form of a bonus or other similar one-time payments, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shaU be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment: _
SECTION IV. ATTORNEY FEES, COSTS, AND SUIT MONEY
_ 1. ( ) Petitioner ( ) Respondent’s request(s) for attorney fees, costs, and suit money is (are) denied because_
2. The Court finds there is a need for and an ability to pay attorney fees, costs, and suit money. ( ) Petitioner ( ) Respondent is hereby ordered to pay to the other party $_in attorney fees, and $_in costs. The Court further finds that the attorney fees awarded are based on the reasonable rate of $_ per hour and _ reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _
SECTION VIII. OTHER PROVISIONS
1. Other Provisions. _
2. The Court reserves jurisdiction to modify and enforce this Final Judgment.
ORDERED on_
[[Image here]]
COPIES TO:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central Governmental Depository
Other: _

. See Ch. 98-284, Laws of Fla. (making it a first degree misdemeanor for a person subject to a final injunction for protection against domestic violence to have in his or her care, custody, possession, or control any firearm or ammunition).

. See Ch. 98-397, Laws of Fla. (providing that the court must apportion the costs of uncovered medical, dental, and prescription medication of a child and that the court may order that payment be made directly to the payee on a percentage basis; also providing that a separate income deduction order be issued).

.To allow for immediate use of the forms via the downloading of this opinion from our Internet site at "www. flcourts.org/courts/supcl/rules.html, "the forms, as attached in appendix A to this opinion, do not include strike-throughs and underlining to reflect deletions and additions where changes have been made. To view a copy of the forms with strike-throughs and underlining, please see appendix A of the emergency petition filed by the Family Courts Steering Committee, located at "www.flcourts.org/courts/supct/proposed.html."

. Florida Family Law Form 12.980(e).